# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-22-00604-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**BELGER CARTAGE SERVICE, INC.**
**C/O REGISTERED AGENT JOHN C SIMS**
**1205 BROADWAY**
**LUBBOCK TX 79401**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT FRIEND OF A MINOR**
*Plaintiff(s)*
VS.

**BELGER CARTAGE SERVICE, INC.; DAVID EUGENE ROGERS**
*Defendant(s)*

filed in said Court on the 3rd day of February, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 11th day of February, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
      Terrence Washington





| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |

**CC-22-00604-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

CARLO MOYA, INDIVIDUALLY AND
AS A LEGAL GUARDIAN AND NEXT
FRIEND OF A MINOR, *Plaintiff(s)*

**VS.**

BELGER CARTAGE SERVICE, INC.;
DAVID EUGENE ROGERS,
*Defendant(s)*

**SERVE:**
**BELGER CARTAGE SERVICE, INC.**
**C/O REGISTERED AGENT**
**JOHN C SIMS**
**1205 BROADWAY**
**LUBBOCK TX 79401**

**ISSUED THIS**
**11TH DAY OF FEBRUARY, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: TERRENCE WASHINGTON,
DEPUTY

Attorney for Plaintiff

SPENCER P BROWNE
8222 DOUGLAS AVE
SUITE 400
DALLAS TX 75225
214-526-7900

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-22-00604-E   County Court at Law No. 5

CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT FRIEND OF A MINOR vs. BELGER CARTAGE SERVICE, INC., DAVID EUGENE ROGERS

**ADDRESS FOR SERVICE:**
C/O REGISTERED AGENT JOHN C SIMS
1205 BROADWAY
LUBBOCK TX  79401

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to BELGER CARTAGE SERVICE, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

**Name**                                           **Date/Time**                          **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy        $_____    _____, Officer

Total    $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

# THE STATE OF TEXAS
# CITATION
CAUSE NO. **CC-22-00604-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**DAVID EUGENE ROGERS**
**SERVE THROUGH TEXAS HIGHWAY TRANSPORTATION COMMISSION**
**J. BRUCE BUGG, JR., CHAIRMAN**
**125 E. 11TH STREET**
**AUSTING, TEXAS 78701**

**DAVID EUGENE ROGERS**
**119 E 5TH ST**
**CLIMAX KS  67137**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT FRIEND OF A MINOR**
*Plaintiff(s)*

**VS.**

**BELGER CARTAGE SERVICE, INC.; DAVID EUGENE ROGERS**
*Defendant(s)*

filed in said Court on the 3rd day of February, 2022, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 28th day of February, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Lupe Perez_ , Deputy
Lupe Perez



---

| ATTORNEY |
|---|
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-22-00604-E** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

CARLO MOYA, INDIVIDUALLY AND
AS A LEGAL GUARDIAN AND NEXT
FRIEND OF A MINOR, *Plaintiff(s)*

**VS.**

BELGER CARTAGE SERVICE, INC.;
DAVID EUGENE ROGERS,
*Defendant(s)*

**SERVE:**

**DAVID EUGENE ROGERS**
**SERVE THROUGH TEXAS HIGHWAY**
**TRANSPORTATION COMMISSION**
**J. BRUCE BUGG, JR., CHAIRMAN**
**125 E. 11TH STREET**
**AUSTING, TEXAS 78701**

**DAVID EUGENE ROGERS**
**119 E 5TH ST**
**CLIMAX KS  67137**

**ISSUED THIS**
**28TH DAY OF FEBRUARY, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff

SPENCER P BROWNE
8222 DOUGLAS AVE
SUITE 400
DALLAS TX  75225
214-526-7900

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-22-00604-E   County Court at Law No. 5

CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT FRIEND OF A MINOR vs. BELGER CARTAGE SERVICE, INC., DAVID EUGENE ROGERS

**ADDRESS FOR SERVICE:**

DAVID EUGENE ROGERS
SERVE THROUGH TEXAS HIGHWAY TRANSPORTATION COMMISSION
J. BRUCE BUGG, JR., CHAIRMAN
125 E. 11TH STREET
AUSTING, TEXAS 78701

DAVID EUGENE ROGERS
119 E 5TH ST
CLIMAX KS  67137

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to DAVID EUGENE ROGERS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy        $_____        _____, Officer

Total        $_____        _____, County, Texas

By:_____, Deputy

_____, Affiant

FILED
2/3/2022 5:45 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-00613-BK   Document 1-1   Filed 03/16/22   Page 5 of 23   PageID 9

CC-22-00604-E

CAUSE NO. _____

| | | |
|---|---|---|
| CARLO MOYA, INDIVIDUALLY AND | § | IN THE COUNTY COURT |
| AS A LEGAL GUARDIAN AND NEXT | § | |
| FRIEND OF X.X., A MINOR | § | |
| | § | AT LAW NO. _____ |
| v. | § | |
| | § | |
| BELGER CARTAGE SERVICE, INC. | § | DALLAS COUNTY, TEXAS |
| AND DAVID EUGENE ROGERS | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X., a Minor ("Plaintiff") files this Original Petition complaining of Defendants Belger Cartage Service, Inc. and David Eugene Rogers ("Defendants") and for cause of action states the following:

## DISCOVERY CONTROL PLAN

1.  Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

## JURY DEMAND

2.  Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

## PARTIES

3.  Plaintiff Carlo Moya is an individual residing in Dallas County, Texas. Carlo Moya is a father of X.X., a Minor, and appears herein Individually and as a Legal Guardian and Next Friend of X.X.

4.  Defendant David Eugene Rogers is a nonresident. A current search of records indicates

that he resides at 119 E 5th St., Climax, KS 67137 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701, pursuant to Tex.Civ. Prac. & Rem. Code § 17.062.

5.     Defendant Belger Cartage Service, Inc. is an incorporated entity and may be served through its registered agent John C Sims at 1205 Broadway, Lubbock, TX 79401.

## VENUE AND JURISDICTION

6.     Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

7.     This lawsuit is based on a motor vehicular collision occurring on or about May 26, 2021, at or near the intersection of North Stemmons Freeway and Walnut Hill Lane in Dallas, Texas (hereinafter referred to as "The Collision").

8.     The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.

## CAUSES OF ACTION

### Negligence, Negligence *Per Se*, and Respondeat Superior

9.     At the time of The Collision, Defendants Belger Cartage Service, Inc. and David Eugene Rogers were negligent and / or negligent *per se* in one or more of the following particulars:

a.     In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.     In failing to timely apply the brakes of her vehicle in order to avoid the collision in

question;

c.   In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

d.   In failing to yield the right-of-way;

e.   In failing to maintain the vehicle under control;

f.   In following too closely;

g.   In disregarding traffic signals;

h.   In failing to take proper evasive action;

i.   In driving while inattentive;

j.   In driving while looking at Defendant's cell phone, texting, emailing, or otherwise using a cellular device which diverted Defendant's attention from the road in front of Defendant; and

k.   In violating Texas Transportation Code Section 545.062 (following distance), 545.351 (maximum speed requirement), and/or 545.4251 (use of portable wireless communication device for electronic messaging).

10.   At the time of The Collision, Defendant David Eugene Rogers was acting in the course and scope of his employment with Defendant Belger Cartage Service, Inc. As a result, Defendant Belger Cartage Service, Inc. is legally liable for the acts and omissions of negligence of Defendant David Eugene Rogers under the doctrine of respondeat superior.

11.   Defendant Belger Cartage Service, Inc. was negligent in hiring Defendant David Eugene Rogers as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so.  It was also negligent in its training of Defendant David Eugene Rogers and its operation of its company vehicle system.  Such negligence, singularity or in combination with others, proximately caused The Collision.

12.   Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, negligence *per se*, and/or gross negligence, which proximately caused The Collision and Plaintiff's injuries and damages.

## PERSONAL INJURIES AND DAMAGES

13.     As a result of Defendants' negligent actions, Carlo Moya suffered personal injuries.

Consequently, Carlo Moya seeks recovery of the following damages:

      a.      <u>Medical Expenses:</u>   Carlo Moya incurred bodily injuries, which were caused by The Collision and Carlo Moya incurred medical expenses for treatment of such injuries.  Carlo Moya believes that, in reasonable medical probability such injuries will require the need for future medical care.

      b.      <u>Physical Pain:</u>  Carlo Moya endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

      c.      <u>Mental Anguish:</u>  Carlo Moya endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

      d.      <u>Disfigurement</u>: Carlo Moya endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

      e.      <u>Impairment</u>: Carlo Moya endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

      f.      <u>Loss of Earning Capacity</u>:  Carlo Moya lost wages as a result of the personal injuries sustained in The Collision. Carlo Moya reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future.

14.     As a result of Defendants' negligent actions, X.X. suffered personal injuries.  Consequently,

Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. seeks recovery

of the following damages:

      a.      <u>Medical Expenses:</u>   X.X. incurred bodily injuries, which were caused by The Collision and Carlo Moya incurred medical expenses for treatment of such injuries.  Carlo Moya believes that, in reasonable medical probability such injuries will require the need for future medical care.

      b.      <u>Physical Pain</u>:  X.X. endured physical pain as a result of the personal

injuries sustained in The Collision and Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. reasonably anticipates such pain will continue in the future.

c.      Mental Anguish:  X.X. endured mental anguish as a result of the personal injuries sustained in The Collision and Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. reasonably anticipates such mental anguish will continue in the future.

d.      Disfigurement: X.X. endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. anticipates such will continue in the future.

e.      Impairment: X.X.  endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. anticipates such in the future.

## AGGRAVATION

15.    In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## PROPERTY DAMAGE

16.    As a proximate result of the above-detailed conduct on the part of the Defendants, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendants are hereby sued and recovery is sought.

## U.S. LIFE TABLES

17.    Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics

Report in the trial of this matter.  Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## **RELIEF SOUGHT**

18.   Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case.  All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

19.   As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

20.   Plaintiff requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recover:

    a.   Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
    b.   Pre-judgment interest at the maximum amount allowed by law;
    c.   Post-judgment interest at the maximum rate allowed by law;
    d.   Costs of suit; and
    e.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**Reyes | Browne | Reilley**

 _/s/ Spencer P. Browne_____
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFFS**

FILED
2/11/2022 5:14 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# REYES | BROWNE | REILLEY

8222 Douglas Avenue, SUITE 400
DALLAS, TEXAS 75225
**www.ReyesLaw.com**
214.526.7900 T
877.308.7900 T
214.526.7910 F

---

February 11, 2022

DALLAS COUNTY DISTRICT CLERK

    **RE:  DALLAS COUNTY CLERK**

Dear Clerk:

    Please issue a citation for **David Eugene Rogers, by and through J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701** on Plaintiff's Original Petition filed on 2/3/2022.

    Once issued, please **E-SERVE or EMAIL** to Alliancetexas@hotmail.com.

    Feel free to contact Christian Barragan with any questions.

    Thank you for your attention in this matter.

                Sincerely,

                /s/ Spencer P. Browne
                Spencer P. Browne  SBN24040589
                spencer@reyeslaw.com
                REYES REYES BROWNE REILLEY
                8222 Douglas Ave., Ste. 400
                Dallas, TX  75225
                214-526-7900  /  214-526-7910  (fax)
                ATTORNEYS FOR PLAINTIFF

21052887697



**JUDGE JUAN RENTERIA**
**COUNTY COURT AT LAW NO. 5**
**GEORGE L ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5th FLOOR**
**DALLAS, TEXAS  75202-5792**
**214-653-6503**

Chambers of Juan Renteria                                                    February 15, 2022

SPENCER P BROWNE
8222 DOUGLAS AVE
SUITE 400
DALLAS TX  75225

Re:      Cause No          CC-22-00604-E

     Cause Style:      CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT
FRIEND OF A MINOR vs. BELGER CARTAGE SERVICE, INC., DAVID EUGENE ROGERS

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rule of Civil Procedure,
on: May 16, 2022 **at  9:00 a.m.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts
alleged in your petition in issue, you will be expected to have moved for, and to have  had heard, a summary
judgment or to have proved up a default judgment on or prior to that date.  Your failure to have done so will
result in the dismissal of the case on the above date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, or
if you have been unable to obtain service of process, you should plan to notify the court to obtain a reset of the
dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an un-liquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit with a form of judgment.

If you should have any questions, please feel free to call us.

                                        Very Truly Yours,

                                        Judge Juan Renteria
                                        County Court at Law No. 5
                                        Dallas County, Texas

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH **$22.OO** FOR THE JURY
 FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*

# Texas Department of Transportation

**125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8630 | WWW.TXDOT.GOV**

March 3, 2022

David Eugene Rogers
119 E. 5th St
Climax, KS 67137

Re:   GCD No. 46769
       Cause No. CC-22-00604-E
       Dallas County
       Plaintiff: Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X., a
       minor
       Defendant: David Eugene Rogers

Dear Sir/Madam:

In compliance with the Texas long-arm statute, Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D, the Chair of the Texas Transportation Commission was duly served with the enclosed Citation and Plaintiff's Original Petition on March 3, 2022.

This agency's only role in the process is to serve as an out-of-state defendant's agent for service of process. We are unable to answer any questions or respond to correspondence regarding this lawsuit. All questions or concerns should be addressed to the attorney noted below.

General Counsel Division

Enclosures

cc:   Spencer P Browne
      Attorney at Law
      8222 Douglas Avenue, Suite 400
      Dallas, TX 75225
      Telephone (214) 526 7900

U.S. Certified Mail No. 7021 0950 0000 6152 1344
Return Receipt Requested

**OFFICER'S RETURN**

CC-22-00604-E   County Court at Law No. 5

CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT FRIEND OF A MINOR vs. BELGER CARTAGE SERVICE, INC., DAVID EUGENE ROGERS

**ADDRESS FOR SERVICE:**
DAVID EUGENE ROGERS
SERVE THROUGH TEXAS HIGHWAY TRANSPORTATION COMMISSION
J. BRUCE BUGG, JR., CHAIRMAN
125 E. 11TH STREET
AUSTING, TEXAS 78701

DAVID EUGENE ROGERS
119 E 5TH ST
CLIMAX KS 67137

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ m., and executed in _____ County, Texas by delivering to DAVID EUGENE ROGERS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy        $ -_____ , Officer

Total   $_____                _____ , County, Texas

By:_____ , Deputy

_____ , Affiant

Electronically Served
2/28/2022 9:30 AM

**RECEIVED**

MAR 0 3 2022

**GENERAL COUNSEL**

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-22-00604-E
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**DAVID EUGENE ROGERS**
**SERVE THROUGH TEXAS HIGHWAY TRANSPORTATION COMMISSION**
**J. BRUCE BUGG, JR., CHAIRMAN**
**125 E. 11TH STREET**
**AUSTING, TEXAS 78701**
**DAVID EUGENE ROGERS**
**119 E 5TH ST**
**CLIMAX KS 67137**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT FRIEND OF A MINOR**
*Plaintiff(s)*

VS.

**BELGER CARTAGE SERVICE, INC.; DAVID EUGENE ROGERS**
*Defendant(s)*

filed in said Court on the 3rd day of February, 2022, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 28th day of February, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ Deputy
Lupe Perez



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-22-00604-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

CARLO MOYA, INDIVIDUALLY AND
AS A LEGAL GUARDIAN AND NEXT
FRIEND OF A MINOR, *Plaintiff(s)*

VS.

BELGER CARTAGE SERVICE, INC.;
DAVID EUGENE ROGERS,
*Defendant(s)*

**SERVE:**

**DAVID EUGENE ROGERS**
**SERVE THROUGH TEXAS HIGHWAY**
**TRANSPORTATION COMMISSION**
**J. BRUCE BUGG, JR., CHAIRMAN**
**125 E. 11TH STREET**
**AUSTING, TEXAS 78701**

**DAVID EUGENE ROGERS**
**119 E 5TH ST**
**CLIMAX KS 67137**

**ISSUED THIS**
**28TH DAY OF FEBRUARY, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: LUPE PEREZ, DEPUTY

Attorney for Plaintiff.

**SPENCER P BROWNE**
**8222 DOUGLAS AVE**
**SUITE 400**
**DALLAS TX 75225**
**214-526-7900**

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

Mar. 10. 2022  1:00PM

No. 0994   P. 3

FILED
2/3/2022 5:45 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-00604-E

CAUSE NO. _____

| | | |
|---|---|---|
| CARLO MOYA, INDIVIDUALLY AND AS A LEGAL GUARDIAN AND NEXT FRIEND OF X.X., A MINOR | § § § | IN THE COUNTY COURT |
| | § | AT LAW NO. _____ |
| v. | § § | |
| BELGER CARTAGE SERVICE, INC. AND DAVID EUGENE ROGERS | § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X., a

Minor ("Plaintiff") files this Original Petition complaining of Defendants Belger Cartage Service,

Inc. and David Eugene Rogers ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states

that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a

jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing

of Plaintiff's Original Petition.

### PARTIES

3. Plaintiff Carlo Moya is an individual residing in Dallas County, Texas. Carlo Moya is a

father of X.X., a Minor, and appears herein Individually and as a Legal Guardian and Next

Friend of X.X.

4. Defendant David Eugene Rogers is a nonresident. A current search of records indicates

that he resides at 119 E 5th St., Climax, KS 67137 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701, pursuant to Tex.Civ. Prac. & Rem. Code § 17.062.

5.  Defendant Belger Cartage Service, Inc. is an incorporated entity and may be served through its registered agent John C Sims at 1205 Broadway, Lubbock, TX 79401.

## VENUE AND JURISDICTION

6.  Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

7.  This lawsuit is based on a motor vehicular collision occurring on or about May 26, 2021, at or near the intersection of North Stemmons Freeway and Walnut Hill Lane in Dallas, Texas (hereinafter referred to as "The Collision").

8.  The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.

## CAUSES OF ACTION

### Negligence, Negligence *Per Se*, and Respondeat Superior

9.  At the time of The Collision, Defendants Belger Cartage Service, Inc. and David Eugene Rogers were negligent and / or negligent *per se* in one or more of the following particulars:

    a.  In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.  In failing to timely apply the brakes of her vehicle in order to avoid the collision in

question;

c.  In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

d.  In failing to yield the right-of-way;

e.  In failing to maintain the vehicle under control;

f.  In following too closely;

g.  In disregarding traffic signals;

h.  In failing to take proper evasive action;

i.  In driving while inattentive;

j.  In driving while looking at Defendant's cell phone, texting, emailing, or otherwise using a cellular device which diverted Defendant's attention from the road in front of Defendant; and

k.  In violating Texas Transportation Code Section 545.062 (following distance), 545.351 (maximum speed requirement), and/or 545.4251 (use of portable wireless communication device for electronic messaging).

10.  At the time of The Collision, Defendant David Eugene Rogers was acting in the course and scope of his employment with Defendant Belger Cartage Service, Inc. As a result, Defendant Belger Cartage Service, Inc. is legally liable for the acts and omissions of negligence of Defendant David Eugene Rogers under the doctrine of respondeat superior.

11.  Defendant Belger Cartage Service, Inc. was negligent in hiring Defendant David Eugene Rogers as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so. It was also negligent in its training of Defendant David Eugene Rogers and its operation of its company vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

12.  Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, negligence *per se*, and/or gross negligence, which proximately caused The Collision and Plaintiff's injuries and damages.

## PERSONAL INJURIES AND DAMAGES

13.    As a result of Defendants' negligent actions, Carlo Moya suffered personal injuries.

Consequently, Carlo Moya seeks recovery of the following damages:

        a.    Medical Expenses: Carlo Moya incurred bodily injuries, which were caused by The Collision and Carlo Moya incurred medical expenses for treatment of such injuries. Carlo Moya believes that, in reasonable medical probability such injuries will require the need for future medical care.

        b.    Physical Pain: Carlo Moya endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

        c.    Mental Anguish: Carlo Moya endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

        d.    Disfigurement: Carlo Moya endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

        e.    Impairment: Carlo Moya endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

        f.    Loss of Earning Capacity: Carlo Moya lost wages as a result of the personal injuries sustained in The Collision. Carlo Moya reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future.

14.    As a result of Defendants' negligent actions, X.X. suffered personal injuries. Consequently,

Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. seeks recovery

of the following damages:

        a.    Medical Expenses: X.X. incurred bodily injuries, which were caused by The Collision and Carlo Moya incurred medical expenses for treatment of such injuries. Carlo Moya believes that, in reasonable medical probability such injuries will require the need for future medical care.

        b.    Physical Pain: X.X. endured physical pain as a result of the personal

injuries sustained in The Collision and Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. reasonably anticipates such pain will continue in the future.

c. Mental Anguish: X.X. endured mental anguish as a result of the personal injuries sustained in The Collision and Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. reasonably anticipates such mental anguish will continue in the future.

d. Disfigurement: X.X. endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. anticipates such will continue in the future.

e. Impairment: X.X. endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably Carlo Moya, Individually and as a Legal Guardian and Next Friend of X.X. anticipates such in the future.

## AGGRAVATION

15. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## PROPERTY DAMAGE

16. As a proximate result of the above-detailed conduct on the part of the Defendants, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendants are hereby sued and recovery is sought.

## U.S. LIFE TABLES

17. Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services – National Vital Statistics

Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

18. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

19. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

20. Plaintiff requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recover:

      a.   Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;

      b.   Pre-judgment interest at the maximum amount allowed by law;

      c.   Post-judgment interest at the maximum rate allowed by law;

      d.   Costs of suit; and

      e.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**REYES | BROWNE | REILLEY**

*/s/ Spencer P. Browne*
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFFS**